**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANCELL HAMM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-442 |
| | ) | |
| v. | ) | Judge Lancaster |
| | ) | Magistrate Judge Bissoon |
| EDWARD RENDELL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that Defendants' Motion to Dismiss or in the Alternative

for Summary Judgment (Doc. 70) be granted, and that Plaintiff's Motion for Summary Judgment

(Doc. 79) and Motion for Temporary Restraining Order (Doc. 82) be denied.

**II. REPORT**

Ancell Hamm is a state prisoner currently incarcerated in the State Correctional

Institution at Fayette, located in LaBelle, Pennsylvania.  He is serving a life sentence for

murdering two police officers in 1972.

**A.  Legal Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the

complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true,

no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of

Allegheny, 515 F.3d 224, 233 (3d Cir.2008).  A complaint must be dismissed even if the claim

for relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft

v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009).[1]

**B.**      **Analysis**

**1.**      **Lack of a valid conviction**

Hamm repeatedly asserts in his Complaint and Amended Complaint that Defendants have

violated his rights under federal and state law because they are holding him in confinement

without a valid conviction (Doc. 21, ¶¶ I-IV; Doc. 23, ¶¶ XV-XVI).  Plaintiff is serving two

consecutive life sentences imposed for the 1972 murders of two police officers, and Defendants

have attached to their brief copies of the commitment papers evidencing this fact (Doc. 71-4).

Plaintiff's claim that no valid conviction exists is, therefore, simply wrong.  It follows that all of

Plaintiff's claims premised upon the lack of a valid conviction necessarily fail.

Further, to the extent that Plaintiff argues that his conviction and sentence are infirm (as

opposed to non-existent), he is barred from litigating such a claim because a prisoner may not

bring a civil rights suit if its success would render invalid a conviction that has not been

---

[1]     **Error! Main Document Only.**Defendants explicitly gave notice that they were seeking
to introduce extrinsic evidence, and that they were seeking summary judgment in the alternative
to their motion to dismiss (Doc. 71).  As Defendants' request to convert to summary judgment is
explicit and both parties have had notice and the opportunity to present evidence in support of
their respective positions, the Court will convert the motion to one for summary judgment.  In re
Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287-88 (3d Cir.1999).  In
this respect, a party's burden in response to a well-pleaded motion for summary judgment is to
present ". . . specific facts showing that there is a *genuine issue for trial*"  Fed. Rule Civ. Proc.
56(e) (emphasis added), or the factual record will be taken as presented by the moving party and
judgment will be entered as a matter of law.  Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,
475 U.S. 574, 587 (1986).  An issue is genuine only if the evidence is such that a reasonable jury
could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242
(1986).  The inquiry involves determining "whether the evidence presents a sufficient
disagreement to require submission to a jury or whether it is so one-sided that one party must
prevail as a matter of law."  Id., at 251-52.

"reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  Where a Section 1983 claim "if successful, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid," then the claim is barred until the conviction is overturned.  Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir.2005) (cites and quotes omitted).  Here, resolution of Plaintiff's claim in his favor would necessarily require a finding that his conviction was invalid, and such a claim is barred by Heck.

     2.     **Failure to Exhaust**

Plaintiff also appears to assert claims concerning improper handling of inmate mail and other conduct occurring in the prison between January, 2008 and October, 2008.  Defendants have presented the affidavit of Dorina Varner, Chief Grievance Officer for the Pennsylvania Department of Corrections.  Ms. Varner reviewed records of all grievances filed by Plaintiff during the relevant time period (Doc. 71-2, pp. 1-7).  Plaintiff filed four grievances, each of which were denied for failure to comply with applicable regulations.  The first grievance was rejected as having been filed more than 15 days after the incident, and the other three because Plaintiff apparently refuses to sign the grievances with his name and commitment number (Id.).  Plaintiff does not contest Defendants' assertions concerning exhaustion of administrative remedies, nor has he offered evidence in response to Ms. Varner's Declaration.

Under the Prisoner Litigation Reform Act ("PLRA"), the mandatory exhaustion provision requires the following:

> (a)     Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a).  Before filing a civil action, a plaintiff-inmate **must** exhaust his

administrative remedies.  Booth v. Churner, 206 F.3d 289, 300 (3d Cir.2000), cert. granted, 531

U.S. 956 (2000), aff'd, 532 U.S. 731, (2001).  There is no "futility" exception to the

administrative exhaustion requirement.  Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir.

2002)(citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)).

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the

administrative review process in accordance with the applicable procedural rules, including

deadlines.  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands

compliance with an agency's deadlines and other critical procedural rules . . .").  This is the

functional equivalent of the procedural default requirement in the habeas context.  Spruill v.

Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004).  An untimely administrative appeal does not satisfy

the exhaustion requirement.  Woodford, supra.  While a prisoner must comply with prison

procedures, "compliance with the administrative remedy scheme will be satisfactory if it is

substantial."  Id., 204 F.3d at 77-78.

The Pennsylvania Department of Corrections Consolidated Inmate Review System

provides for three levels of administrative review of inmate grievances:  (1) the initial grievance

submitted to the Facility Grievance Coordinator within 15 working days of the event; (2) an

intermediate level of appeal to the Facility Manager; and (3) a final level of appeal to the

Secretary's Office of Inmate Grievances and Appeals.  (Doc. 101-2, pp. 2-15); see also, Booth v.

Churner, 206 F.3d 289, 293 n.2 (3d Cir.2000) (outlining the grievance review process).

In this case, and premised upon the uncontested evidence offered by Ms. Varner,

Plaintiff's claims of improper treatment in the prison during 2008 are barred either due to his

failure to file administrative appeals to final review, or by his failure to comply with applicable

regulations concerning the time for filing grievances, or the content thereof.

### 3.       **Plaintiff's Motions**

Plaintiff's Motion for Summary Judgment (Doc. 79) and Motion for Temporary

Restraining Order (Doc. 92) are premised upon his assertion that he is being held without a

proper conviction.  As noted above, Plaintiff's claim is untenable in light of the state court

record, which clearly does evidence a valid conviction and sentence.

### III. **CONCLUSION**

It is respectfully recommended that Defendants' Motion to Dismiss or in the Alternative

for Summary Judgment (Doc. 70) be granted, and that Plaintiff's Motion for Summary Judgment

(Doc. 79) and Motion for Temporary Restraining Order (Doc. 82) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule

72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are

due by October 21, 2009.


                                                        s/ Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States Magistrate Judge

Date:  October 8, 2009

cc:
**ANCELL HAMM**
AK-2165
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450