**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANCELL HAMM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-442 |
| | ) | Chief Judge Lancaster |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| EDWARD RENDELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Ancell Hamm ("Plaintiff") filed the instant civil rights lawsuit on

April 20, 2008. (Doc. 1). On October 8, 2009, United States Magistrate Judge Cathy Bissoon

issued a report and recommendation recommending that summary judgment be granted to all

Defendants. (Doc. 94). On October 20, 2009, over Plaintiff's objections (Docs. 97 – 98), the

undersigned granted summary judgment in favor of Defendants, and adopted the magistrate

judge's report as the opinion of this Court. (Docs. 99 – 100). Plaintiff filed a timely notice of

appeal on November 9, 2009. (Doc. 101). The Court of Appeals for the Third Circuit dismissed

this appeal on January 26, 2010, due to Plaintiff's failure to pay the required filing fee. (Doc.

106). The court of appeals issued a certified judgment in lieu of a formal mandate on

May 13, 2010. (Doc. 105). On July 6, 2011, Plaintiff filed a motion to reopen this case (Doc.

109), which was denied on July 8, 2011 (Doc. 111).

Before this Court is Plaintiff's motion for summary judgment (Doc. 112). Given that this case has been closed for well over a year – a fact of which Plaintiff was reminded in this Court's order of July 8, 2011, see (Doc. 111) – this motion will be denied.[1]

AND NOW, this __14th__ day of __July__, 2011,

IT IS HEREBY ORDERED that the Plaintiff's Motion for Summary Judgment (Doc. 112) is DENIED.

BY THE COURT:

_____
GARY L. LANCASTER
CHIEF UNITED STATES DISTRICT JUDGE

cc:
**ANCELL HAMM**
AK-2165
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450

---

[1] Plaintiff is cautioned that, by continuing to file motions that he knows to be frivolous, he exposes himself to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, which applies to *pro se* litigants as well as to attorneys. Rader v. ING Bank, Nos. 09-340, 09-544, 09-781, 2010 WL 1403962, at *6 (D.Del. Apr. 07, 2010) (citing Thomas v. Connecticut Gen. Life Ins. Co., No. 02-MC-136, 2003 WL 22953189, at *3 (D.Del. Dec. 12, 2003)).