IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANCELL HAMM, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 08-442 |
| | ) Chief Judge Lancaster |
| v. | ) Magistrate Judge Bissoon |
| | ) |
| EDWARD RENDELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before this Court are Plaintiff's "objections"[1] to the order of this Court of July 8, 2011 (Doc. 111), denying Plaintiff's motion to reopen this case (Doc. 107) and motion for recusal (Doc. 109). This Court interprets this filing as a motion for reconsideration of that order.

As the United States Court of Appeals for the Third Circuit has noted, the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Id. (citing Abu-Jamal v. Horn, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D.Pa. Dec. 18, 2001) (internal quotations omitted)).

---

[1] There is some support in the record for the conclusion that Plaintiff seeks to raise "objections" to this Court's Order pursuant to Rule 72 of the Federal Rule of Civil Procedure. See Pl.'s Objections (Doc. 116). However, Rule 72 objections are proper only in response to an order or report of a magistrate judge – this rule simply does not apply to the orders and opinions of a district judge. As the order in question was issued by the undersigned – a district judge – Plaintiff is not entitled to raise objections pursuant to Rule 72.

1

An examination of the instant motion leads inescapably to the conclusion that Plaintiff's argument is without merit. Plaintiff simply seeks another bite at the litigation apple more than a year after his case was closed and his appeal rights have run. That desire is insufficient to entitle him to the grant of a motion for reconsideration

Finally, Plaintiff is once again warned that, by continuing to file motions that he knows to be frivolous, he exposes himself to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, which applies to *pro se* litigants as well as to attorneys. Rader v. ING Bank, Nos. 09-340, 09-544, 09-781, 2010 WL 1403962, at *6 (D.Del. Apr. 07, 2010) (citing Thomas v. Connecticut Gen. Life Ins. Co., No. 02-MC-136, 2003 WL 22953189, at *3 (D.Del. Dec. 12, 2003)).

AND NOW, this 19th day of July, 2011,

IT IS HEREBY ORDERED that the Plaintiff's objections (Doc. 116) are interpreted a a motion for reconsideration and DENIED.

BY THE COURT:

GARY L. LANCASTER
CHIEF UNITED STATES DISTRICT JUDGE

cc:
**ANCELL HAMM**
AK-2165
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450